# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: F.T., M.T., C.T. III, A.K., L.K., & A.K.**

**No. 14-0229** (Nicholas County 13-JA-67 through 13-JA-72)

**FILED**

September 22, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Laura Spadaro, appeals the Circuit Court of Nicholas County's February 19, 2014, order terminating her parental and custodial rights to F.T., M.T., C.T. III, A.K.-1, L.K., & A.K.-2.[1] The guardian ad litem for the children, Linda Garrett, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, William Jones, filed a summary response in support of the circuit court order. On appeal, Petitioner Mother argues that the circuit court erred in finding that the DHHR made reasonable efforts to provide services and preserve the family, and in terminating her parental and custodial rights without granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, the DHHR filed an abuse and neglect petition against the children's father alleging that he sexually abused/touched Petitioner Mother's child A.K.-2.[2] As to Petitioner Mother, the DHHR alleged that she failed to properly supervise the children. Specifically, the DHHR alleged that Petitioner Mother was aware of the alleged sexual abuse but did not believe A.K.-2 and failed to protect A.K.-2 and the other children in the home. Additionally, Petitioner Mother allowed a guest to reside in the home even after two of her children stated that the guest touched their breasts.

In November of 2013, the circuit court held an adjudicatory hearing during which Petitioner Mother admitted to neglecting her children. Petitioner Mother admitted that she failed

---

[1]Because two of the children in this case have the same initials, we have distinguished each of them using numbers 1 and 2 after their initials.

[2] The father is the stepfather to A.K.-1, L.K., and A.K.-2. He is the biological father of F.T., M.T., and C.T. III.

1

to protect her children because she allowed two individuals to remain in the home after the children disclosed multiple instances of sexual abuse/contact to her.

In December 19, 2013, the circuit court held a dispositional hearing and found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because Petitioner Mother failed to benefit from services. As a result, the circuit court terminated Petitioner Mother's parental and custodial rights to all of her children. It is from this order that Petitioner Mother now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings regarding the DHHR's reasonable efforts to provide services and prevent the children's removal from the home, or in the termination of Petitioner Mother's parental and custodial rights.

Rule 36(a) of the Rules of Procedure for Child Abuse and Neglect Proceedings states, in part, that the circuit court shall make findings of fact in accordance with the provisions of West Virginia Code § 49-6-5. West Virginia Code § 49-6-5(a)(6)(C)(iv) states, in pertinent part, that the circuit court must "include[] a description of what efforts were made . . . ." Petitioner Mother argues that termination was improper and must be reversed because the dispositional order failed to make these specific findings. We disagree.

Although we find the circuit court's dispositional order fails to make specific findings of fact as to whether the DHHR made reasonable efforts to preserve and reunify the family, including a description of what efforts were made, this failure did not substantially frustrate the purpose of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Rule 2 of those rules provides that "[t]hese rules shall be liberally construed to achieve safe, stable, secure permanent homes for abused and/or neglected children and fairness to all litigants. These rules are not to be applied or enforced in any manner which will endanger or harm a child . . . ." The record before us shows that the circuit court heard evidence that Petitioner Mother

participated in services as early as 2005 for similar allegations of abuse and neglect but failed to benefit from those services.

Further, Petitioner Mother received services during the underlying proceedings. Her family case plan indicates that she was offered "counseling services to provide her with the knowledge, skills, and motivation to protect her children from sexual abusers." During the dispositional hearing, service provider Loretta Phillips testified that she began providing Petitioner Mother with individualized parenting services in July of 2012. Importantly, Ms. Phillips testified that despite providing Petitioner Mother with approximately ten months of services, she failed to understand the issues in her home and was unable to correct the underlying issues. Therefore, because the record clearly reveals that the DHHR provided services to Petitioner Mother, the rules were not "substantially disregarded or frustrated" in this case.

Next, we find no error in the circuit court's termination of Petitioner Mother's parental and custodial rights without granting her an improvement period. West Virginia Code § 49-6-12 grants circuit courts discretion in granting an improvement period upon a written motion and a showing, by clear and convincing evidence, that the parent will fully participate in the same. The record in this matter supports the circuit court's denial.

The Court finds no merit in Petitioner Mother's argument that she should have been granted an improvement period because she brought the allegations of sexual abuse to the attention of a counselor. This assertion is insufficient to show that Petitioner Mother would substantially comply with the terms of an improvement period. Further, as already stated above, the circuit court heard testimony that despite receiving ten months of services, Petitioner Mother failed to understand the underlying issues of abuse and neglect and was unable to correct those issues. Additionally, the record is devoid of any evidence that Petitioner Mother filed a written motion requesting either an adjudicatory improvement period or dispositional improvement period. For these reasons, Petitioner Mother failed to meet her statutory burden and it was not error for the circuit court to deny Petitioner Mother an improvement period.

Finally, the circuit court did not err in proceeding to termination of Petitioner Mother's parental and custodial rights because this same evidence established that Petitioner Mother "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of her child[ren]." Pursuant to West Virginia Code § 49-6-5(b)(3), this constitutes a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be corrected, and the circuit court additionally found that termination of Petitioner Mother's parental and custodial rights was necessary for the children's welfare. West Virginia Code § 49-6-5(a)(6) directs circuit courts to terminate parental rights upon these findings

For the foregoing reasons, we affirm.

Affirmed.

3

**ISSUED**: September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4